```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| D.G., et al., | CIVIL ACTION NO. 07-4578 (MLC) |
| Plaintiffs, | **O R D E R** |
| v. |  |
| SOMERSET HILLS SCHOOL DISTRICT, et al., |  |
| Defendants. |  |

**THE COURT** having issued a memorandum opinion and an order on April 18, 2008 ("4-18-08 Memorandum Opinion & Order") that, inter alia, granted in part and denied in part a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by defendants Somerset Hills School District, Richard Charwin, Anne Connor, Sarah Dundas, John Grund, and Peter Miller (collectively, "Defendants") (dkt. entry nos. 17, 18); and the Court having granted Defendants' motion with respect to plaintiffs' (1) Individuals with Disabilities Education Act ("IDEA") claim (count 1), (2) Rehabilitation Act claim (count 2) insofar as such claim was asserted against Richard Charwin, Anne Conner, Sarah Dundas, John Grund, and Peter Miller, and (3) Fourteenth Amendment claim (count 3) (dkt. entry no. 18); and the Court having denied Defendants' motion with respect to plaintiffs' New Jersey Law Against Discrimination claim (count 4), and Rehabilitation Act claim (count 2) insofar as such claim

was asserted against Somerset Hills School District (id.); and plaintiffs moving for reconsideration of the 4-18-07 Memorandum Opinion & Order with respect to their Fourteenth Amendment claim (count 3) only (dkt. entry no. 19); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000), and is granted "very sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Arista Recs., Inc. v. Flea World, 356 F.Supp.2d 411, 415 (D.N.J. 2005), or advise of "an intervening change in the law," P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001); and it appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc., 356 F.Supp.2d at 416, see Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it has already considered in reaching its original decision"), Auerbach v. Kantor-Curley Ped. Assocs., No. 01-854, 2004 WL 3037943, at *1 (E.D. Pa. Dec. 30, 2004) (noting that the motion is not to be used to relitigate old issues,

advance new theories, or secure a rehearing on the merits), or (2) the apparent purpose of the motion is for the movant to express disagreement with the Court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that the movant must raise controlling facts or dispositive case law overlooked by the Court in rendering a decision, and concisely specify the suspect aspects of the decision with particularity, Ciba-Geigy Corp. v. Alza Corp., No. 91-5286, 1993 WL 90412, at *1-*2 (D.N.J. Mar. 25, 1993); and it appearing that such a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the Court, Mauro v. N.J. Sup. Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**THE COURT** having reviewed plaintiffs' arguments in support of the motion for reconsideration[1]; and plaintiffs asserting that (1) the Court overlooked W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995), and (2) under Matula, "failing to refer a student suspected of a disability for an evaluation, failing to notify the parent of her child's right to an evaluation and the right to initiate a due process hearing and failing to give proper written notice concerning the refusal to evaluate" are protected liberty interests under the Fourteenth Amendment, which are entitled to

---

[1] Defendants did not submit a brief opposing plaintiffs' motion for reconsideration.

due process protections, (3) despite both evidence indicating that plaintiff D.G. had a disability and his mother's evaluation requests, Defendants did not convene a meeting to discuss evaluating D.G., and (4) Defendants' failure to comply with the procedural requirements of the IDEA and notify plaintiffs of their right to request mediation or file a complaint "blocked [p]laintiffs from access to the due process procedures at a time when D.G. could have benefitted from them" (Pls. Br., at 1-5); but the Court noting that the Matula court permitted the plaintiffs' procedural due process claim to go forward after finding that such claim "tracked" the plaintiffs' 42 U.S.C. § 1983 claims for IDEA and Rehabilitation Act violations, Matula, 67 F.3d at 502; and the Court further noting that A.W. v. Jersey City Pub. Sch., overruled Matula in part and concluded that "Congress did not intend [Section] 1983 to be available to remedy violations of the IDEA", 486 F.3d 791, 803 (3d Cir. 2007); and the Court therefore determining that plaintiffs cannot rely on Matula as support for their Fourteenth Amendment claim, particularly because Matula does not expressly state that the right to be evaluated for eligibility for education services is a right encompassed within the Fourteenth Amendment's protection of life, liberty, and property; and

**THE COURT** finding that plaintiffs (1) have not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and (2) are merely recapitulating the arguments previously raised and asserting that they disagree with the Court's decision, see Arista Recs., Inc., 356 F.Supp.2d at 416, Tehan, 111 F.Supp.2d at 549; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7.1(i); and the Court thus intending to deny the motion; and for good cause appearing;

**IT IS THEREFORE** on this 12th day of June, 2008, **ORDERED** that plaintiffs' motion for reconsideration (dkt. entry no. 19) is **DENIED.**

                                                       s/ Mary L. Cooper
                                                       **MARY L. COOPER**
                                                       United States District Judge